# STATE OF MICHIGAN

# COURT OF APPEALS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Plaintiff,

v

MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY,

       Defendant-Appellee,

and

QBE INSURANCE CORPORATION,

       Defendant/Third-Party-
       Plaintiff/Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Third-Party-Defendant,

and

SECRETARY OF STATE, WHITNEY GRAY,
MARTIN BONGERS and WILLIAM JOHNSON,

       Third-Party-Defendants.

FOR PUBLICATION
August 30, 2016

No. 319710
Kalamazoo Circuit Court
LC No. 2012-000202-CK

## ON REMAND

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

MURPHY, J. (*concurring*).

Because this Court in *Bazzi v Sentinel Ins Co*, __ Mich App __; __ NW2d __ (2016), held that the "innocent third-party rule" was implicitly and effectively abolished in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), for purposes of mandatory personal protection insurance benefits, commonly referred to as PIP benefits, under the no-fault act, MCL 500.3101 *et seq.*, I am compelled to agree with the majority that QBE Insurance Corporation (QBE) was not barred from pursuing a fraud defense relative to its insurance policy with Whitney Gray. Therefore, I concur with the majority that the trial court erred in denying QBE's motion for summary disposition on the basis of the innocent third-party rule. I write separately to simply express my view that there is language in our Supreme Court's opinion in *Titan* that plainly and unambiguously reflects that the Supreme Court itself accepted the notion that remedies for actionable fraud are limited in relation to statutorily-mandated insurance coverage and benefits.

In *Titan*, 491 Mich at 572, our Supreme Court ruled:

Should Titan prevail on its assertion of actionable fraud, it may avail itself of a traditional legal or equitable remedy to avoid liability under the insurance policy, notwithstanding that the fraud may have been easily ascertainable. *However, as discussed earlier in this opinion, the remedies available to Titan may be limited by statute*. [Emphasis added; citation and footnote omitted.]

Importantly, attached to the end of the emphasized sentence in the preceding passage was the following footnote: "For example, MCL 500.3009(1) provides the policy coverage minimums for all motor vehicle liability insurance policies." *Titan*, 491 Mich at 572 n 17.[1] When footnote 17 is read in conjunction with the sentence to which it was appended, it necessarily signified the Supreme Court's stance that the $20,000/$40,000 residual liability coverage mandated by MCL 500.3009(1) cannot be diminished or limited by legal or equitable remedies generally available to an insurer for actionable fraud. There can be no other reasonable construction of the sentence and corresponding footnote. Optional insurance coverage above the

---

[1] MCL 500.3009(1) states:

An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless the liability coverage is subject to a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident, and subject to that limit for 1 person, to a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

minimum liability limits contained in a policy procured by fraud might not be reached by an injured third party seeking damages arising out of a motor vehicle accident, but footnote 17 in *Titan* makes abundantly clear that the mandatory liability minimums are to be paid by the insurer under the policy despite any fraud.

In *Titan*, 491 Mich at 559, the Court recognized that MCL 257.520(f)(1) expressly restricts the ability of an insurer to avoid liability under a policy on the ground of fraud, although the statute has very limited applicability, being relegated to situations in which proof of future financial responsibility is statutorily required.[2] MCL 500.3009(1) has no such language; rather, MCL 500.3009(1) merely sets forth minimum policy requirements in regard to residual liability coverage. With footnote 17, however, the *Titan* Court indicated that MCL 500.3009(1) is an example of a statute that would also limit available remedies for fraud. The only feasible explanation for any fraud-remedy limitation arising out of or created by MCL 500.3009(1) is that the statutory provision pertains to *mandatory* coverage. By observing that MCL 500.3009(1) limits available remedies for actionable fraud, the Supreme Court effectively telegraphed its view that an insurer would be liable under a policy with respect to liability coverage required by MCL 500.3009(1) in connection to an innocent third party injured by a negligent driver who had fraudulently procured the policy.

MCL 500.3009(1) is incorporated by reference in the no-fault act with regard to mandatory residual liability coverage. See MCL 500.3101(1) ("The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under . . . residual liability insurance."); MCL 500.3131(2) (residual liability insurance mandate "shall not require coverage in this state other than that required by section 3009[1]"). PIP coverage is also mandated by statute. MCL 500.3101(1) ("The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance[.]"). And "[u]nder personal protection insurance an

---

[2] MCL 257.520 provides, in pertinent part:

> (f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

> (1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy, and except as hereinafter provided, no fraud, misrepresentation, assumption of liability or other act of the insured in obtaining or retaining such policy, or in adjusting a claim under such policy, and no failure of the insured to give any notice, forward any paper or otherwise cooperate with the insurance carrier, shall constitute a defense as against such judgment creditor.

insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle[.]"  MCL 500.3105(1).[3] Given the mandatory nature of PIP coverage under the no-fault act, and considering the logic gleaned from examining footnote 17 of *Titan*, one can reasonably extrapolate that MCL 500.3101(1) (requiring PIP coverage) would be another example, along with MCL 500.3009(1), of a statute that limits the availability of remedies for actionable fraud.

In sum, *Bazzi*'s construction of *Titan* must be honored, and thus I concur in the majority's holding.  It is my belief, however, that the opinion in *Titan* cannot be interpreted as abolishing the innocent third-party rule in the context of statutorily-mandated automobile insurance coverage, as to reach such a conclusion would require a wholesale disregard of *Titan*'s footnote 17.

I respectfully concur.


/s/ William B. Murphy

---

[3] MCL 500.3107 describes the allowable expenses and recoverable losses that constitute PIP benefits.